## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

CHRISTOPHER R. HARVEY,    )

              )

      Plaintiff    )

              )

v.             )      No. 2:24-cv-00337-KFW

              )

MICHAEL J. CARL, M.D.,    )

              )

      Defendant    )

## ORDER ON MOTIONS IN LIMINE

Ahead of trial in this medical malpractice case, the Plaintiff filed three motions in limine (ECF Nos. 44-46) and the Defendant filed seven (ECF Nos. 37-43). I will address each motion in turn. All my pretrial rulings are made without prejudice to counsel renewing any objection at trial. Similarly, counsel may request that I reconsider a ruling in light of new evidence at trial.

Plaintiff's Motion in Limine to Exclude Cumulative Expert Testimony (ECF No. 44). **DENIED**. Although there is overlap between the anticipated testimony of the Defendant's experts, I cannot say at this juncture that their testimony will be needlessly cumulative. *See* Fed. R. Evid. 403; *United States v. Santana-Vasquez*, 638 F. Supp. 3d 35, 37-38 (D. Me. 2022) (denying a motion in limine to exclude two experts from testifying about their similar conclusions because the movant "failed to show that the testimony of both" experts "would be a *needless* presentation of cumulative evidence" where the experts' testimony concerned a primary issue in the case (cleaned up)).

1

Plaintiff's Motion in Limine to Bar Argument or Evidence that Maine Medical Center Bears Fault (ECF No. 45).   **GRANTED WITHOUT OBJECTION**. *See* ECF No. 52 at 1.

Plaintiff's Motion in Limine to Exclude Evidence of Collateral Source Benefits (ECF No. 46).   **GRANTED IN PART**.   Neither party shall refer to, inquire about, or seek to admit evidence of collateral source benefits without first approaching sidebar and presenting "in detail the reference, inquiry[,] or evidence counsel desires to make or submit and the reasons why the specific reference, inquiry[,] or evidence would not violate the collateral source rule." *Brown v. Crown Equip. Corp.*, 445 F. Supp. 2d 59, 71 (D. Me. 2006); *see also Grover v. Boise Cascade Corp.*, 2004 ME 119, ¶ 24, 860 A.2d 851 ("The collateral source doctrine provides that a plaintiff who has received compensation for her damages from sources independent of the tortfeasor remains entitled to a full recovery.   The evidence is excluded because of the substantial likelihood of prejudicial impact.   However, the collateral source evidence may be admissible for purposes other than mitigation damages that are recoverable from the tortfeasor." (cleaned up)).

Defendant's Motion in Limine to Preclude Evidence of Lost Household Services (ECF No. 37).   **DENIED**.   Contrary to the Defendant's arguments, the Plaintiff is entitled to recover damages for his own lost household services. *See* Restatement (Second) of Torts § 924 cmt. f (Am. L. Inst. 1979) ("The injured person is entitled to damages for all expenses and for the value of the services reasonably made necessary by the harm.   This includes reasonable expenses for physicians, for nurses or

hospitalization and for medical supplies.  It may also include reasonable expenses for substitute help hired by the injured person to do his work; but to the extent that claim is made, there cannot be recovery for loss of time."); *Schulz v. Chadwell*, 558 S.W.2d 183, 188-89 (Ky. Ct. App. 1977) ("If [the husband] had paid for the expense of household help and filed a claim for loss of consortium, he would have been entitled to recover for that expense. Because [the wife] actually paid for the expense of additional household help, we cannot see any reason why she should not be permitted to recover for that expense.").

Defendant's Motion in Limine to Preclude Undisclosed Expert Opinion of Samantha Colver, D.O. (ECF No. 38).  **DENIED**.  Fed. R. Evid. 703 permits the Plaintiff's expert, Barbara Bate, R.N., to disclose the information she reasonably relied on in forming her own opinion, including the otherwise inadmissible opinion of the Plaintiff's primary care physician, Samantha Colver, D.O., so long as Nurse Bate does not simply parrot Dr. Colver's opinion.  *See, e.g.*, *United States v. Pablo*, 696 F.3d 1280, 1288 (10th Cir. 2012) ("If an expert simply parrots another individual's out-of-court statement, rather than conveying an independent judgment that only incidentally discloses the statement to assist the jury in evaluating the expert's opinion, then the expert is, in effect, disclosing that out-of-court statement for its substantive truth; the expert thereby becomes little more than a backdoor conduit for an otherwise inadmissible statement.").

Defendant's Motion in Limine to Preclude Evidence of Unvested Pension Benefits (ECF No. 39).  **DENIED**.  I am not convinced at this juncture that the

Plaintiff's claim for loss of earning opportunity regarding potential pension benefits is so speculative that he should be precluded from offering evidence on this issue; had he continued to work at Bath Iron Works, it seems reasonably certain he would have become vested in the pension plan. *See Snow v. Villaci*, 2000 ME 127, ¶¶ 14-17 & n.12, 754 A.2d 360 (explaining the circumstances in which "recovery may be had for the loss of an earning opportunity" but instructing trial courts to exclude evidence of such loss if it is "nothing more than mere hope or speculation"). The Defendant remains free to challenge the sufficiency of the evidence of the alleged loss at trial, and to challenge the sufficiency of the foundation for the Plaintiff's economic expert's valuation of the loss.

Defendant's Motion in Limine to Preclude Evidence of Loss of Consortium (ECF No. 40). **GRANTED IN PART**. The Plaintiff's wife may properly testify about the impact of the Plaintiff's alleged injuries on the Plaintiff, but it would be improper and confusing for her to testify about the impact on herself or her marriage where she is not making a loss of consortium claim. *See Smith v. Henson*, 2025 ME 55, ¶ 38, 339 A.3d 816 (explaining that a spouse who "suffers a loss of consortium from the direct victim's injuries, . . . may recover for damage to the interest the spouse has in the company, society, cooperation, affection, and aid that characterizes a marriage" (cleaned up)).

Defendant's Motion in Limine to Preclude Evidence of Other Malpractice Claims (ECF No. 41). **GRANTED WITHOUT OBJECTION**. *See* ECF No. 57.

4

<u>Defendant's Motion in Limine to Preclude Evidence of Liability Insurance</u> <u>(ECF No. 42)</u>.  **GRANTED WITHOUT OBJECTION**.  *See* ECF No. 58.

<u>Defendant's Motion in Limine to Preclude So-Called Reptile Tactics</u> <u>(ECF No. 43)</u>.  **DENIED**.  The Defendant has offered no basis for his concern that the Plaintiff may engage in so-called reptile tactics at trial, and the Plaintiff disavows any intent to do so.  *See Bohmbach v. Shivers*, No. 1:22-cv-10318-JEK, 2024 WL 4505215, at *4-5 (D. Mass. Oct. 16, 2024) (denying a similar motion in limine on similar grounds).  To the extent such issues come up at trial, the Defendant can raise an objection then.

**SO ORDERED**.

Dated: April 16, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge